Chunhua Ma v. Sessions

BIA
Poczter, IJ
A205 811 584

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

CHUNHUA MA,
> *Petitioner,*

v.                                          16-2686
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Mike P. Gao, Flushing, NY.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General; Daniel E. Goldman,
                        Senior Litigation Counsel; Lindsay
                        C. Dunn, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chunhua Ma, a native and citizen of the People's Republic of China, seeks review of a July 13, 2016, decision of the BIA affirming a February 26, 2015, decision of Immigration Judge ("IJ") Aviva L. Poczter denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chunhua Ma,* No. A 205 811 584 (B.I.A. July 13, 2016), *aff'g* No. A 205 811 584 (Immig. Ct. N.Y. City Feb. 26, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-67 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's oral and written

statements and other record evidence.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination in this case is supported by substantial evidence.  The agency reasonably relied on inconsistencies between Ma's baptismal certificate and her testimony.  8 U.S.C. § 1158(b)(1)(B)(iii).  The fact that she gave different names for her godmother and priest and initially testified that her father was not baptized (contrary to the certificate) calls into question the validity of the certificate and her testimony.  Her explanations for the inconsistencies are unavailing as she submitted the certificate and should have been aware of the information it contained. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony.") (internal quotation marks and citation omitted).

3

Ma's inconsistent testimony regarding her church attendance in Japan also supported the adverse credibility determination because it called into question her religious practice and indicated a willingness to lie.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The agency also reasonably relied on Ma's omission from her asylum application and initial testimony of physical mistreatment during her 2001 detention.  *See Xiu Xia Lin*, 534 F.3d at 167.  Contrary to Ma's argument that she was deprived of any opportunity to develop her testimony, Ma offered a lengthy description of her physical state after her detention and was asked several open-ended questions.  *See Majidi*, 430 F.3d at 80-81.

These inconsistencies and omissions provide substantial evidence for the adverse credibility determination, as they call into question both Ma's religious practice and past events.  *See Xiu Xia Lin*, 534 F.3d at 167.  Because Ma's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal,

4

and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk